## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                      Case No: 8:18-CR-00345-T-17AEP

**HECTOR FRANKLIN CORREA VALENCIA**
_____/

### DEFENDANT HECTOR FRANKLIN CORREA VALENCIA'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE AND MINOR ROLE

Defendant Hector Valencia, through undersigned counsel, hereby files this Sentencing Memorandum andrespectfully requests that he be sentenced below the statutory mandatory minimum pursuant to the Safety Valve Provision in the First Step Act, based on the following:

**I.  INTRODUCTION.**

The Defendant, Hector Valencia, will be before the Court for sentencing on Friday, February 22, 2019. The Presentence Report ("PSR") as calculated yields a guideline score of 135 to 168 months of imprisonment. Mr. Valencia seeks a variance based his personal circumstances and the facts of the case.

**II.  PERSONAL BACKGROUND AND RELEVANT HISTORY**

Mr, Valencia is a Columbian citizen and has no criminal record. His education is minimal and he stopped attending school in the forth grade to assist on his grandfather's farm. His ability to read and write Spanish is limited. He has three children ages five and three (twins) for whom he was the source of financial support. He worked as a motorcycle taxi driver and earned less than ten (10) dollars a day U.S. Mr. Valencia was

seriously injured in a motor vehicle accident some years ago and his limited use of his left arm which carries a metal plate. He is unable to perform rigorous physical labor.

Mr. Valencia's mother became ill with cancer and needed life sustaining medical care including a surgical operation to remove the cancer. There is of course no free medical care available in Mr. Valencia's home country and his choice was to find a way to quickly raise the life saving fifteen hundred dollars or leave the cancer undtreated. Mr. Valencial made his choice nd voluntarily signed on as a mariner aboard the GFV intercepted by the USCG Cutter Hamiton on July 18, 2018.

### III. SENTENCING GUIDELINES

The PSR, applying the 2018 Guidelines Manual, calculated a Total Offense Level of 33 resulting in an advisory range of 135-168 months incarceration. Mr. Valencia's criminal history category is I. He received a two-level reduction for acceptance of responsibility. Defendant contends he has met all five criteria for the safety valve reduction under the sentencing guidelines, USSG §§ 2D1.1(b)(18) and 5C1.2(a)(1)-(5), and that those same five criteria apply for safety valve relief from the statutory mandatory minimum under 18 U.S.C. § 3553(f). Mr. Valencia filed an earlier Motion fo Sentencing Below the Mandatory Minimum Guidelines under the newly enacted First Step Act and incorporates that pleading as if fully set forth herein. Document 73. Accordingly, Mr. Valencia respectfully requests he be sentenced below the statutory mandatory minimum pursuant to Section 402 of the First Step Act.

### IV. MOTION FOR VARIANCE

As this Court is well aware, a United States District Court is no longer limited by the guidelines since the matrix is merely considered advisory. *United States v. Booker*, 543 U.S.

220, 245-267 (2005). The United States Supreme Court in *Booker* gave judges the flexibility to use the sentencing range produced by the Guidelines as a "starting point" or "initial bench mark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

Moreover, in *United States v. Talley,* 431 F.3d 784 (11th Cir. 2005), the Eleventh Circuit adopted a two-step procedure that district courts should follow when fashioning a sentence in the post-Booker, advisory Sentencing Guidelines era. "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines." Id. at 786. Second, the district court must consider the following ten factors: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 3) the need for deterrence; 4) the need to protect the public; 5) the need to provide the defendant with needed educational and vocational training or medical care; 6) the kinds of sentences available; 7) the Sentencing Guidelines range; 8) pertinent policy statements of the Sentencing Commission; 9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. Id. See also 18 U.S.C. §3553(a).

In the instant case, Mr. Valencia cooperated in the investigation and was truthful from the beginning. He was one of the first defendants to take responsibility and enter a plea to the charges. Additionally, Mr. Valencia is a category I offender and the facts of this case are absent of any violence. The length of time a defendant was a law-abiding citizen before committing his or her first criminal offense is an important factor in sentencing. *See, e.g.*, *United States v. Ward,* 814 F. Supp. 23, 24 (E.D. Va. 1993) (granting departure based on defendant's age as

3

first-time offender since guidelines do not "account for the length of time a particular defendant refrains from criminal conduct" before committing his first offense).

Mr. Valencia submits that a sentence below the guideline range is appropriate and reasonable and would afford adequate deterrence. A sentence below the guideline range would accomplish the goals of §3553(a) and reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Should Mr. De La Cruz Aguino be sentenced to a term of imprisonment, he would like to continue his education and learn to read and write Spanish and English. Moreover, he wishes to learn a trade consistent with his physical issues such as electrician, computer operator, servicer or repair person.

Mr. Valencia's 'job' on board the GFV was as a deckhand only. He was not the Captain, the Loadguard or in any way an organizer or leader of the conspiracy. He played a truly minor role.

## Conclusion

Wherefore, Defendant respectfully requests that he be granted safety valve relief pursuant to Section 402 of the First Step Act and recognized as playing a 'minor role' in the conspiracy to which he pled guilty. Alternatively, in the event this Court determines the Safety Valve Provision of the Act does not apply because Defendant pleaded guilty before the Act was enacted, Defendant asks the Court either to (1) vacate the acceptance of the guilty plea and reaccept it, or (2) permit him to withdraw his guilty plea.

Dated this 11th day of February, 2019.

Respectfully submitted,

/s/ *Justin B. Lighty*
JUSTIN B. LIGHTY, ESQ.
1002 West Ohio Ave.
Tampa, Florida 33603
Tel: (813) 440-9253
jlighty@tampabay.rr.com
Attorney for Hector Valencia
Florida Bar No. 24005

### CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to AUSA Mr. Thomas Palermo and all other counsel of record in this matter.

Justin B. Lighty
Attorney for Hector Valencia

/s/ Justin B. Lighty