UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA CASE NO.:           8:18-cr-00345-EAK-AEP-4

v.

JAVIER MARCEL BETANCOURT MONTENEGRO

### DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR REASONABLE SENTENCE OF 96 MONTHS IMPRISONMENT

COMES NOW, the Defendant Javier Marcel Betancourt Montenegro, through his Undersigned Counsel, respectfully requests that he be sentenced to a reasonable sentence of 96 months imprisonment and states as follows:

**1. Offense Conduct**

On July 26, 2018, a grand jury in the Middle District of Florida returned a multi count indictment naming Mr. Montenegro and many others as co-defendants. Pre-Sentence Report ("PSR") 5¶1 Mr. Montenegro was charged with conspiracy to possess and actual possession with intent to distribute cocaine while on board a vessel subject to United States jurisdiction. *Id.* at ¶¶2-3. The Defendant is responsible for 654 kilograms of cocaine recovered from the interdiction in international waters. PSR 6¶12.

Mr. Montenegro pled guilty to count one pursuant to a plea agreement before Magistrate Judge Porcelli on November 6, 2018. PSR 5¶6. The plea agreement called for the dismissal of remaining counts at sentencing. *Id.* at ¶6.

**2.     PSR Guideline Calculation**

The PSR correctly calculates Mr. Montenegro's criminal history category as I. PSR 8¶30. The PSR does not give a downward adjustment for minor role, a 2 point decrease which would reduce Mr. Montenegro's guideline range to 108-135 months, below the minimum mandatory of 120 months. Mr. Montenegro objects to the lack of minor role consideration.

**3.     Minor Role Objection**

Mr. Montenegro should receive a 2-point downward adjustment for minor role pursuant to U.S.S.G. §3B1.2(b). That section applies when the defendant " plays a part in committing the offense that makes [him] substantially less culpable than the average participant in the criminal activity." U.S.S.G. §3B1.2(b) at application note 3(A). Note 3(C) lists factors the Court should consider; the most germane to this case are

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

U.S.S.G. §3B1.2(b) application note 3C

Mr. Montenegro was simply a mariner on this venture. He had no role in the planning of the conspiracy, had no knowledge of the buyers of the drugs, did not plan the route, nor played any significant role in the conspiracy. He was not a captain and had no special skills.

He is substantially less culpable than the average participant in this criminal activity and should receive a 2-point reduction under U.S.S.G. §3B1.2.

**4. Application of Safety Valve pursuant to the First Step Act**

Mr. Montenegro is entitled to relief under the First Step Act safety valve provisions, as has been previously presented to the Court. Mr. Montenegro's conviction has not been entered as he has not yet been sentenced. The Defendant has met all five criteria for the safety valve reduction under the sentencing guidelines. The Court, therefore, is not bound by the minimum mandatory under the First Step Act.

**5. The Court should sentence Mr. Montenegro to 96 months' imprisonment**

Mr. Montenegro respectfully requests that This Court sentence him to 96 months' imprisonment. This Court is aware of the wide discretion given by *Booker* and its progeny, so there is no need to reiterate it here. Under the factors laid out by 18 USC § 3553(a), a 96-month sentence is appropriate.

Mr. Montenegro is another of a long line of impoverished South Americans brought into the drug trade as a quick means to escape abject poverty. His father died when he was 5 growing up in Esmeraldas, Ecuador. PSR 8 ¶33. Mr. Montenegro grew up in poverty, not having running water for part of his childhood. *Id.* at ¶37. Mr. Montenegro has a twelve-year-old daughter who he financially supported prior to incarceration. *Id.* at ¶39.

While this District sees many of the defendants from South American narcotrafficking interdiction, it is important to realize that these are people from impoverished second and third world countries for whom trip payments can represent a few years' income. Mr. Montenegro was solely a mariner looking to make quick money to help his situation. A reasonable sentence

of 96 months would deter criminal conduct, meet the sentencing objectives of 18 USC § 3553(a), and reflect the nature and circumstances of the offense and Mr. Montenegro's characteristics and history.

Respectfully submitted,

*s/Darlene Calzon Barror*
DARLENE CALZON BARROR, ESQUIRE
506 North Armenia Avenue
Tampa, Florida 33609
Tel: (813) 877-6970
Fax: (813) 879-2610
Darlene@BarrorLaw.com
Attorney for Defendant
Florida Bar No. 0860379

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically by CM/ECF system which will send an electronic filing to THE OFFICE OF THE ASSISTANT UNITED STATES ATTORNEY, this 15th day of February, 2019.

*s/Darlene Calzon Barror*
DARLENE CALZON BARROR, ESQUIRE